# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ORLANDO BATISTE

VERSUS

SUPER CHINA BUFFET INC.,
NAUTILUS INSURANCE COMPANY
AND/OR MURPHY INSURANCE AND
DOLLAR DISTRIBUTING

---

In Re:   Dollar Distributing, Inc., applying for supervisory writs, 18th Judicial District Court, Parish of West Baton Rouge, No. 1046800.

---

**BEFORE:   WELCH, THERIOT, WOLFE, MILLER, AND STROMBERG, JJ.**

**WRIT DENIED.**

**JEW
MRT**

**Miller, J.,** concurs with the denial of the writ. Louisiana Code of Civil Procedure article 966(C)(3) provides that the court shall render a judgment on the motion not less than twenty days prior to the trial. The district court ordered a written judgment. See La. Code Civ. P. art. 1914(B). There is no signed judgment before this court. The district court noted that the proposed judgment filed by relator did "not conform with the Court's ruling" and subsequently issued a Clarification of Ruling and Written Reasons. However, these reasons do not constitute a judgment, nor do they clearly set forth the court's ruling.

**Wolfe and Stromberg, JJ.,** dissent and would grant the writ. The district court failed to rule on the objections by defendant, Dollar Distributing, Inc. ("Dollar"), to Exhibits 1, 2, 3, 4 and 7 filed by defendant, Super China Buffet, Inc. ("Super China"). See La. Code Civ. P. art. 966(D)(2). Upon de novo review, we would find the objections to these exhibits should have been sustained, because the documents are not certified or otherwise authenticated. See La. Code Civ. P. art. 966(A)(4). The motion for summary judgment was filed by Dollar, the owner of the property at issue, pursuant to La. R.S. 9:3221, which provides that the owner of premises leased under a contract whereby the lessee, in this case Super China, assumes responsibility for their condition, is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives the right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. There is no dispute that the lease between Dollar and Super China provides that Super China, as lessee, assumed full and complete responsibility for all repairs, replacements and maintenance of the leased premises, including the parking lot. Dollar filed an affidavit attesting that the location where plaintiff fell is encompassed in the area covered by the lease with Super China. Plaintiff and Super China argue

the lease inadequately defined the parking lot area included in the lease, but failed to produce sufficient factual support to establish the existence of a genuine issue of material fact as to this issue.  While plaintiff argues there is an issue of fact as to whether Dollar had constructive notice of the alleged defect, arguing the affidavit filed by Dollar did not address constructive notice, the affidavit attests that Dollar did not have notice of any vices, defects or ruin in the parking lot at Super China.  Plaintiff failed to produce sufficient factual support to establish the existence of a genuine issue of material fact as to this issue.  Moreover, the jurisprudence interpreting La. R.S. 9:3221 does not support the imposition of a duty on the part of a lessor to inspect conditions over which a lessee has assumed responsibility. **Stuckey v. Riverstone Residential SC, LP,** 2008-1770 (La. App. 1st Cir. 8/5/09), 21 So.3d 970, <u>writ denied</u>, 2009-2328 (La. 1/8/10), 24 So.3d 873; **Scott v. Adams,** 2021-0589 (La. App. 1st Cir. 2/17/22), 340 So.3d 1091, 1097, <u>writ denied</u>, 2022-00448 (La. 5/10/22), 337 So.3d 908. Therefore, we would grant the motion for summary judgment and dismiss plaintiff's claims against defendant, Dollar Distributing, Inc.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT